UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------
CERTAIN UNDERWRITING MEMBERS AT
LLOYD'S OF LONDON,

               Petitioner,          16-cv-323 (VSB)

    v.

INSURANCE COMPANY OF THE
AMERICAS,

               Respondent.
-----------------------------------
CERTAIN UNDERWRITING MEMBERS AT
LLOYD'S, LONDON SUBSCRIBING TO
TREATY NO. 0272/04,

               Petitioner,          16-cv-374 (VSB)

    v.

INSURANCE COMPANY OF THE
AMERICAS,

               Respondent.
-----------------------------------
IPA ACQUISITIONS, INC.,            AFFIDAVIT IN SUPPORT
                                                OF PETITION TO INTERVENE
               Petitioner,
    v.                                                16-cv-323(VSB)

GARY THORNLEY HIRST, INSURANCE COMPANY
of the AMERICAS, and certain LLOYD'S
SYNDICATES,

               Respondents.
-----------------------------------

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF ONEIDA    )

    Sarah Oddi being duly sworn, deposes and says:

    1.    I make this affidavit as the national claims manager for Insurance Company of the Americas ("ICA") during the period of time regarding the reinsurance and claim that is the subject of

the Lloyd's arbitration award, and was employed by ICA for more than 10 years while IPA acquisitions, Inc. ("IPA") was in control of ICA. As such, I have personal knowledge of the matters stated herein, based on my own observations and information provided to me pursuant to ICA's and IPA's regular practices and procedures and make this affidavit upon personal knowledge in relation to events which have occurred.

2. I am fully familiar with the reinsurance coverage that was purchased from certain Lloyds Syndicates. ICA paid Lloyd's $10,403,650.96 in 03-04 and 04-05 calendar years.

3. The arbitration award of $3.8 million arises out of this reinsurance protection purchased by ICA in 2004 from the Lloyds Syndicates.

4. The Kringel claim is the only recovery sought from ICA from Lloyd's for the close to $12,000,000 which was paid to Lloyd's.

5. I am personally familiar with the Kringel case having adjusted the claim from the time of the occurrence. Mr. Kringel was rendered unconscious in a diving accident causing severe brain damage and requires long-term round-the-clock care.

6. In order for ICA to remain a solvent going enterprise required the successful reinsurance recovery from Lloyd's syndicates. In particular the Kringel case requires this recovery as a result of Hirst removing assets that that were placed in trust

2

by IPA for the payment of claims such as Kringel while recoveries are sought under contracts intended to assume the risk on claims that are excess of $1,000,000 per claim.

7.  The Lloyd's reinsurance was bought under contract with the Lloyd's for the specific benefit of claimants such as Kringel.

8.  The award from Lloyd's is an integral and necessary factor to maintain the solvency and the viability of ICA as a going enterprise.

9.  I have no information that IPA knew that the award against Lloyds was in jeopardy until IPA's private investigator in February 2016 stumbled upon the Lloyd's motion to set aside the award against Lloyds filed on January 28, 2016. A copy of the award was never provided either by the Lloyd's nor ICA or Hirst to anyone at IPA or representing IPA.

10.  IPA learned about the challenge to the award was when the Lloyd's application to set aside the award was found by IPA's private investigator by happenstance on Pacer electronic filing. With the award in jeopardy by the application of Lloyd's, then that followed by the indictment of Hirst in June 2016, it was then that IPA was impelled to intervene in the Lloyd's application in order to protect its rights since it then appeared that Hirst would be unable to fulfill the terms of the settlement agreement.

I make this affidavit in support of the petition and motion of IPA to intervene in in the proceeding brought by Lloyd's of to vacate the award.

*Sarah Oddi*

Sarah Oddi

Subscribed and sworn before me
This 10th day of August, 2016

*Michele Consiglio*
Notary Public

MICHELE CONSIGLIO
Notary Public, State of New York
Reg. # 01CO6331448
Qualified in Oneida County
My Commission Expires October 13, 20__