```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------
CERTAIN UNDERWRITING MEMBERS AT
LLOYD'S OF LONDON,

                    Petitioner,                **MEMORANDUM OF LAW OF**
     v.                                        **PETITIONER IPA ACQUISITIONS,**
                                               **INC. IN SUPPORT OF ITS**
INSURANCE COMPANY OF THE                       **PETITION TO INTERVENE**
AMERICAS,
                                                  16-cv-323 (VSB)
                    Respondent.
---------------------------------
CERTAIN UNDERWRITING MEMBERS AT
LLOYD'S, LONDON SUBSCRIBING TO
TREATY NO. 0272/04,

                    Petitioner,
     v.

INSURANCE COMPANY OF THE                          16-cv-374 (VSB)
AMERICAS,

                    Respondent.
---------------------------------
IPA ACQUISITIONS, INC.,

                    Petitioner,
     v.

GARY THORNLEY HIRST, INSURANCE
COMPANY of the AMERICAS, and
certain LLOYD'S SYNDICATES,                       16-cv-323(VSB)

                    Respondents.
---------------------------------
```

Leighton R. Burns, Esq.
Kernan and Kernan, P.C.
Attorney for Petitioner
IPA Acquisitions, Inc.
185 Genesee Street, Suite 1401
Utica, New York 13501
Telephone: (315) 797-8330
Facsimile: (315) 797-6467

| | |
|---|---|
| **TABLE OF AUTHORITIES** | |
| **INTRODUCTION** | |
| **STATEMENT OF THE FACTS** | 1 |
| **THE ISSUES** | 2 |
| **ARGUMENT OF THE ISSUES** | 2 |
| I.   PETITIONER IPA'S INTERVENTION IS TIMELY UNDER FED. R. CIV. P. 24(A)(2) | 2 |
| A.   THE STATUTE RECITED<br>B.   THE CASELAW (INCLUDING THE SECOND CIRCUIT LAROE CASE): FACTORS TO BE PROPERLY CONSIDERED | |
| 1.   PETITIONER IPA'S MOTION TO INTERVENE IS TIMELY | 3 |
| 2.   PETITIONER IPA ASSERTS AN INTEREST IN THE AWARD, THE PROPERTY THAT IS THE SUBJECT OF THE ACTION | 6 |
| 3.   THE DISPOSITION OF THE PRESENT ACTION MAY, WITHOUT THE INTERVENTION OF IPA WILL IMPAIR AND IMPEDE AND ACTUALLY PREVENT IPA FROM PROTECTING ITS INTERESTS AS A PRACTICAL MATTER | 7 |
| 4.   PETITIONER IPA'S INTEREST IS NOT ADEQUATELY REPRESENTED BY THE OTHER PARTIES INTEREST | 8 |
| 5.   PETITIONER IPA'S INTERVENTION IS WITHIN THE "PURPOSE" ENVISIONED BY FRCP 24(A)(2) PETITIONER IPA'S INTEREST IS NOT ADEQUATELY REPRESENTED BY THE OTHER PARTIES INTEREST | 9 |
| II.  INAPPLICABILITY OF THE "YOUNGER ABSTENTION" DOCTRINE | 10 |
| III. CONCLUSION | 13 |

| AUTHORITIES ||
|---|---|
| **Cases** | **Page** |
| *Allen v. Bedolla,* 787 F.3d 1218 (C.A.9 (Cal.) 2015) | 5 |
| *Amanatullah v. Colo. Bd. of Med. Exam'rs,* 187 F.3d 1160 (10th Cir. 1999) | 10 |
| *CE Design Ltd. v. King Supply Co.,* 791 F.3d 722 (C.A.7 (Ill.) 2015) | 5 |
| *Donaldson v. United States,* 400 U.S. 517 (1971) | 7 |
| *England v. La. State Bd. of Med. Exam'rs,* 375 U.S. 411 (1964) | |
| *Farmland Dairies v. Commissioner of New York Dep't of Agric.,* 847 F.2d 1038 (2d Cir. 1988) | 2-3 |
| *Green v. City of Tucson,* 255 F.3d 1086 (9th Cir. 2001) | 10 |
| *H.L. Hayden Co. v. Siemens Medical Systs., Inc.,* 797 F.2d 85 (2d Cir. 1986) | 7 |
| *Huffman v. Pursue, Ltd.,* 420 U.S. 592 (1975) | |
| *Karsner v. Lothian,* 532 F.3d 876 (C.A.D.C. 2008) | 4 |
| *Kirschner v. Klemons,* 225 F.3d 227 (2d Cir. 2000) | |
| *Laroe Estates, Inc. v. Town of Chester*, 2016 WL 3615777 (C.A.2 2016) | 3 |
| *Lewis v. Beddingfield,* 20 F.3d 123 (5th Cir. 1994) | |
| *MasterCard Intern. Inc. v. Visa Intern. Service Ass'n, Inc.,* 471 F.3d [377 (C.A.2 2006)] | 3, 4 |
| *Meyer v. Macmillan Pub. Co., Inc.,* 85 F.R.D. 149 (S.D.N.Y. 1980) | 4 |
| *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423 (1982) | 10 |
| *Moore v. Sims,* 442 U.S. 415 (1979) | 10 |
| *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1 (1987) | |
| *Photographic Illustrators Corporation v. Orgill, Inc.,* 2016 WL 1048861 (D. Mass. 2016) | 5 |
| *Puerto Rico Telephone Co., Inc. v. San Juan Cable, LLC,* 298 F.R.D. 28 (D. Puerto Rico 2014) | 5 |
| *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706 (1996) | |
| *Reich v. Webb,* 336 F.2d 153 (9th Cir. 1964), *cert. denied,* 380 U.S. 915 (1965) | 10 |
| *Restor-A-Dent Dental Laboratories, Inc. v. Certified Aloe Prods., Inc.,* 725 F.2d 871 (2d Cir. 1984) | 3, 7 |
| *Rios v. Enterprise Ass'n Steamfitters, Local 638,* 520 F.2d 352 (2d Cir. 1975) | 10 |
| *Sharif v. New York State Educ. Dep't,* 709 F.Supp. 365 (S.D.N.Y. 1989) | 10 |
| *Sierra Club v. United States Army Corps of Eng'rs*, 709 F.2d 175 (2d Cir. 1983) | 10 |

| | |
|---|---|
| *Stein v. Wirtz,* 366 F.2d 188 (10th Cir.1966), *cert. denied*, 386 U.S. 996 (1967) | 10 |
| *Trust & Inv. Advisors, Inc. v. Hogsett,* 43 F.3d 290 (7th Cir. 1994) | 16 |
| *United States v. State of New York*, 820 F.2d 554 (2d Cir. 1987) | 4 |
| *U.S. v. British American Tobacco Australia Services, Ltd.,* 437 F.3d 1235 (C.A.D.C. 2006) | 4 |
| *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.,* 922 F.2d 92 (C.A.2 (Vt.) 1990) | 3 |
| *Younger v. Harris,* 401 U.S. 37 (1971) | 10 |
| *Zwickler v. Koota*, 389 U.S. 241 (1967) | 14 |
| **Statutes** | **Page** |
| Federal Rules of Civil Procedure 24(a)(2) | 2 |

**STATEMENT OF FACTS**

Petitioner, IPA Acquisitions, Inc. ("Petitioner IPA") submits this Memorandum of Law in support of its motion for the relief requested in Petitioner IPA's Petition to Intervene filed on motion in the above-captioned matters (the "Petition").

Insurance Company of the Americas ("ICA") has been given an award rendered in an arbitration against certain Lloyds Syndicates involving ICA and Lloyds Underwriters pursuant to Agreement #0274/04 (the "Agreement"); ICA was granted an award of $3.8 million arising out of reinsurance protection purchased by ICA in 2004 from certain Lloyds Syndicates (the "Award"). Petitioner IPA brings its Petition, as the rightful owner of the voting shares of ICA, to protect its interests and for the benefit of policyholders, claimants and the public in general, by having this Court permit IPA to intervene and protect IPA's interest in the Award. The Award must be protected from the certain defalcation by Hirst who is known to have converted assets of ICA.

On or about May 31, 2016, a Grand Jury reported an indictment and Hirst was arrested and arraigned on or about June 10, 2016 in the United States District Court for the Southern District of New York, 16 Crim 371, on criminal charges of fiduciary and trust violations, Exhibit "B" of the Burns Declaration.

As Petitioner IPA's motion to intervene is timely, as described below, and Petitioner has a right to the Award that is

the subject of the main action, Petitioner seeks permission to intervene in the current litigation.

## ARGUMENT OF THE ISSUES

I.    **PETITIONER IPA'S INTERVENTION IS TIMELY UNDER FRCP 24(a)(2)**

    A.    **THE STATUTE RECITED**

> **FRCP 24 (a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>         *    *    *    *
> (2) **claims** an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. [*emphasis added*]

    B.    **THE CASELAW (INCLUDING THE SECOND CIRCUIT *LAROE* CASE): FACTORS TO BE PROPERLY CONSIDERED**

Rule 24(a)(2) provides a four-part test for intervention as of right:

Upon [1] timely application anyone shall be permitted to intervene in an action...when the applicant claims [2] an interest relating to the property or transaction which is the subject of the action and [3] the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, [4] unless the applicant's interest is adequately represented by existing parties. FRCP 24(a)(2); *see also Farmland Dairies v. Commissioner*

2

*of New York Dep't of Agric.*, 847 F.2d 1038, 1043 (2d Cir. 1988); *United States v. State of New York*, 820 F.2d 554, 556 (2d Cir. 1987); *Restor-A-Dent Dental Laboratories, Inc. v. Certified Aloe Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984).

All four parts of the test must be satisfied to qualify for intervention as of right, *State of New York*, 820 F.2d at 556; all of the foregoing as cited in *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (C.A.2 (Vt.) 1990).

**<u>As Stated by Laroe Estates, Inc. v. Town of Chester, 2016 WL 3615777 (C.A.2 2016):</u>**

The district court must grant an applicant's motion to intervene under Rule 24(a)(2) if "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." MasterCard, 471 F.3d [377 (C.A.2 2006)] at 389; see also Fed. R. Civ. P. 24(a)(2), *Laroe Estates, Inc. v. Town of Chester*, 2016 WL 3615777, at *4 (C.A.2, 2016).

The factors of the aforementioned test are met, as indicated below, and therefore Petitioner IPA's motion to intervene under Rule 24 should be granted.

### 1.   PETITIONER IPA'S MOTION TO INTERVENE IS TIMELY

As stated in Rule 24, Petitioner IPA's application to intervene must be timely. Timeliness is to be judged in

3

consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case. *Karsner v. Lothian*, 532 F.3d 876 (C.A.D.C. 2008), *rehearing en banc denied*.

The issue of timeliness must be placed in its proper perspective. Elapsed time may not alone make a motion for intervention untimely, *U.S. v. British American Tobacco Australia Services, Ltd.*, 437 F.3d 1235 (C.A.D.C. 2006). Delay is insufficient alone to mandate denial of motion to intervene, *Meyer v. Macmillan Pub. Co., Inc.*, 85 F.R.D. 149 (S.D.N.Y. 1980).

Factors to consider in determining timeliness include: "(a) the length of time the applicant knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to [the] applicant if the motion is denied; and (d) [the] presence of unusual circumstances militating for or against a finding of timeliness." *MasterCard International Inc. v. Visa International Service Association Inc.*, 471 F.3d 377 (**2nd Cir**. 2006), citing *United States v. New York*, 820 F.2d 554, 557 (2d Cir.1987).

First, the length of time that Petitioner IPA knew or should have known of the jeopardy to its interests before making the

4

motion was short, 38 days form discovery of Hirst's indictment to the filing of the Petition.

Furthermore, proceedings regarding the dispute of the Award did not become publicly available until the end of January 2016. Petitioner IPA was not provided with any notice of the filing of the Lloyd's proceeding to vacate and only discovered the existence of a dispute regarding the Award because of a casual PACER inquiry. Even if the most recent indictment date is not used as the start of time for which to seek intervention, the time from which Petitioner IPA discovered the instance of proceedings regarding the Award to the date of filing is less than 7 months.  This can still be considered timely, especially given the plethora of case law determining the timeliness of petitions, as follows:

- Not moving to intervene until **three years** later after class action settlement agreement had been approved by court, *CE Design Ltd. v. King Supply Co.*, 791 F.3d 722 (C.A.7 (Ill.) 2015).

- Filing motion after **four years** of ongoing litigation, on eve of settlement, *Allen v. Bedolla*, 787 F.3d 1218 (C.A.9 (Cal.) 2015).

- **20-month** delay in Licensee's moving to intervene, *Photographic Illustrators Corporation v. Orgill, Inc.*, 2016 WL 1048861 (D. Mass. 2016).

- **Two years**, *Puerto Rico Telephone Co., Inc. v. San Juan Cable, LLC*, 298 F.R.D. 28 (D. Puerto Rico 2014).

Second, any prejudice to the existing parties resulting from the any delay is limited.  A few weeks after the indictment of Hirst Exhibit "B" of the Burns Affidavit does not prejudiced the

5

parties to the underlying action to vacate. Lloyd's and ICA have been in discussion about the Award since its issuance unbeknownst to IPA.

Third, the prejudice to Petitioner IPA would be immense if the motion to intervene is denied. The presence of Petitioner IPA would allow protection of its interests. The absence of Petitioner IPA would prevent the protection of the Award for Mr. Kringel, ICA and IPA. The misdoings of Hirst have made it clear that if any of the Award was to go to ICA, it would not be used for intended and lawful purposes. Petitioner IPA would certainly be prejudiced if it is denied intervention

Fourth, the presence of unusual circumstances militates for a finding of timeliness. Until on or about June 11, 2016 the Award appeared destined to go to proper purposes, however the indictment disturbed the recovery of the Award to ICA and impelled the present intervention.

## 2. PETITIONER IPA ASSERTS AN INTEREST IN THE AWARD, THE PROPERTY THAT IS THE SUBJECT OF THE ACTION

Petitioner IPA, has a property interest in recovery of the Award to be sure it is used for its proper purpose and as the rightful owner of the voting shares of ICA, seeks to intervene as of right for the purpose of protecting its interests in the Award.

IPA's interest in the proceeding is direct, substantial, and

6

should be protected, *Donaldson v. United States*, 400 U.S. 517, 531 (1971); *H.L. Hayden Co. v. Siemens Medical Systs., Inc.*, 797 F.2d 85, 88 (2d Cir. 1986); *Restor-A-Dent*, 725 F.2d at 874.

The acquisition of the shares of ICA from Petitioner IPA by Hirst was wrongful as set forth in the Petition. Petitioner's interest is in the Award, the subject matter of the proceedings. IPA's interest in the Award is neither remote from the subject matter of the proceeding nor contingent upon the occurrence of a sequence of events before such interest becomes colorable, because the transaction was void ab initio and as settled with Hirst which was the consideration for the withdrawal of the Northern District Federal Court action. Thus, Petitioner IPA should be allowed to either permissively intervene or intervene as of right.

> 3. **THE DISPOSITION OF THE PRESENT ACTION MAY, WITHOUT THE INTERVENTION OF IPA WILL IMPAIR AND IMPEDE AND ACTUALLY PREVENT IPA FROM PROTECTING ITS INTERESTS AS A PRACTICAL MATTER**

If a party is necessary under Rule 19(a), then it can satisfy the test for intervention as of right under Rule 24(a)(2). Rule 19(a)(2)(i) applies if a person "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest."

7

Similarly, Rule 24(a)(2) is intended to mirror Rule 19. *MasterCard v. Visa*, 471 F.3d 377.

Petitioner IPA is the rightful owner of the voting shares of ICA. Therefore, Petitioner IPA is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede Petitioner IPA's ability to protect its interest. *United States v. Pitney Bowes*, 25 F.3d 66, 70.

If the action is disposed without Petitioner IPA, the Award may be defalcated by Hirst who is known to have converted assets of ICA for purposes other than protection of Kringel and IPA.

For this Court not to allow Petitioner IPA to intervene would be to inequitably assist and facilitate a criminal in the perpetuation of yet another fraud. Once Hirst has procured and absconded with this $3.8 million Award, Petitioner IPA will be without any practical recourse to recover same.

### 4.   **PETITIONER IPA'S INTEREST IS NOT ADEQUATELY REPRESENTED BY THE OTHER PARTIES**

None of the parties in the underlying action have any interest in protecting Petitioner IPA's rights in ownership of the Award or the rights of Kringel and IPA entitled to an interest in the Award. Unless intervention is permitted, the assets of ICA and the Award will be diverted directly or indirectly to the personal needs of Hirst so with Hirst in control of ICA the interests of IPA and

8

other beneficiaries are not going to be protected without intervention.

As Petitioner's interests are not now represented by the current parties, Petitioner IPA is so situated that without intervention the disposition of the action may impair or impede Petitioner IPA's ability to protect its interest. Therefore, intervention is not only proper, it is essential in protecting these rights.

### 5. PETITIONER IPA'S INTERVENTION IS WITHIN THE "PURPOSE" ENVISIONED BY FRCP 24(a)(2)

The purpose of FRCP 24, permissive intervention, is to prevent a multiplicity of suits where common questions of law or fact are involved, *Reich v. Webb*, 336 F.2d 153, 160 (9th Cir. 1964), *cert. denied*, 380 U.S. 915 (1965). With proper intervention all provisional remedies or proceedings under Florida law do not have to be pursued and that is why IPA elected this remedy utilizing the consideration of withdrawal of the Northern District Federal Court lawsuit.

Petitioner IPA's intervention is only to fulfill the purpose of this litigation, and the prior arbitration and award, that is, the actual disbursement of the Award to the proper parties. The simple issue of to whom the actual disbursement should be made does not involve any of the other litigants, and only involves Hirst and ICA. Thus, IPA's intervention seeks to prevent future

9

litigation on the matter of Award disposition, and properly serves the purpose of Rule 24.

## II. INAPPLICABILITY OF THE "YOUNGER ABSTENTION" DOCTRINE

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts generally must abstain from enjoining state criminal proceedings or otherwise interfering with state criminal prosecutions. Since there are no state proceedings involved then *Younger* is inapplicable.

A court will abstain under *Younger* only where: (1) there are ongoing state judicial proceedings; (2) those state proceedings implicate important state interests; (3) the state proceedings provide the federal plaintiff with an adequate opportunity to raise her federal claims; and (4) the federal litigation will interfere with the state proceedings.[*Middlesex*, 457 U.S. at 432); *see also Moore v. Sims*, 442 U.S. 415, 426 (1979) (stating that a federal court should not abstain if "state law clearly bars the interposition of the constitutional claims"); *Green v. City of Tucson*, 255 F.3d 1086, 1091 (9th Cir. 2001) (listing necessary elements for invoking Younger abstention); *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999); *Trust & Inv. Advisors, Inc. v. Hogsett*, 43 F.3d 290, 295 (7th Cir. 1994).] All these conditions are mandatory. But here, none of those circumstances exist. [*See generally Middlesex*, 457 U.S. at 432

(discussing the aforementioned elements and their importance). 81 N.D. L. Rev. 475, 487 (2005).

### A. NO PENDING LITIGATION

*The Florida Administrative Proceedings*

The Court has directed Petitioner IPA to describe the status of the Florida Administrative Proceedings and the effect on standing by Petitioner IPA. The Younger Abstention Doctrine has no applicability in this instance because there is no pending Florida Administrative Proceedings, pending litigation in state court or any pending proceeding in any other court, administrative agency or tribunal, for that matter.

*The IPA v. ICA Northern District Litigation (Case No. 6:12-cv-00499) (the "Northern District Litigation")*

The Court has also directed Petitioner IPA to describe the status of and effect of the action by IPA against ICA and Hirst in the Northern District of New York as it may relate to timeliness.

The Northern District action was on appeal in the Second Circuit, but since has been withdrawn by Stipulation. The Younger Abstention Doctrine has no relevance since this litigation is not in a state court; therefore, the concern of comity and deference to state court proceedings or law does not present itself.

### B. SINCE EXTRAORDINARY CIRCUMSTANCES INDICATE THAT PETITIONER IPA WILL SUFFER IRREPARABLE INJURY IN THE ABSENCE OF FEDERAL INTERVENTION, THIS COURT MUST INTERVENE

The Younger Abstention Doctrine does not *compel* abstention; to the contrary, however, where extraordinary circumstances indicate that a party will suffer irreparable injury in the absence of federal intervention, the federal court should intervene, 18 Suffolk J. Trial & App. Advoc. 188, 192. Equity seeks to prevent irreparable injuries that materially alter the positions of the parties. In consonance with its overall orientation toward fairness and its basis in jurisdiction over actual persons, equity is particularly concerned with irreparable injury to individual interests, *Id.* at 216. See John W. Edmonds, Reports of select cases decided in the Courts of New York, Not Heretofore Reported, or Reported only Partially 85 (1883).

Considering the indictment of Hirst after the motion by Lloyd's to set aside the Award, it would not take a tremendous leap of faith for this Court to find *prima facie* evidence demonstrating extraordinary circumstances justifying Petitioner IPA's concerns about this character Hirst absconding with $3.8 million and/or the U.S. Government inequitably realizing forfeiture of same to the detriment of Petitioner IPA and is claimants who rely on the recovery of the Award. Unless or until this Court allows Petitioner IPA to intervene, Petitioner IPA will be left with little more no *practical* equitable relief in this case from sustaining irreparable damages that are both great and immediate.

This Court must not allow itself to be made a party to or a perpetuator of a fraud by Hirst. Equity dictates that the interests of Petitioner IPA, its claimants and policyholders be protected from Hirst's dirty hands.

### III. CONCLUSION

Petitioner IPA's Petition to Intervene is timely under FRCP. 24(a)(2). The Younger Abstention Doctrine is inapplicability to IPA's Petition; even if it were applicable, Petitioner IPA has met all of the legal requirements in demonstrating that the Doctrine should not be invoked. It is imperative that this Court allow Petitioner IPA to intervene and/or otherwise provide for the protection of the Award ... equity demands no less.

Dated: August 10, 2016

        Respectfully submitted,

        s/ Leighton R. Burns
         Leighton R. Burns, Esq.
         Kernan and Kernan, P.C.
         Attorney for Petitioner IPA
         Office and Post Office Address
         185 Genesee Street - Suite 1401
         Utica, New York 13501-2194
         Telephone: (315) 797-8300
         Facsimile: (315) 797-6467
         Lburns@kernanlaw.com